Hardy L. BRIAN, Appellant,

v.

Harold G. ADAMS, Appellee.

No. 5447.

Court of Civil Appeals of Texas, Waco.

July 5, 1975.

Rehearing Denied July 10, 1975.

Odeneal & Odeneal, William C. Odeneal, Jr., Dallas, for appellant.

Norman P. Hines, Jr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Brian from judgment against him for $1400 (plus interest) in favor of plaintiff Adams.

Plaintiff, an attorney filed suit on September 29, 1972, against defendant alleging defendant in August, 1970, employed plaintiff to represent defendant's son in a criminal case, and agreed to pay plaintiff $2500. attorney's fees; that $1000. was paid down, and defendant agreed to pay the balance: $100. in September, 1970; $100. in October, 1970; $100. in November, 1970; $100. in December, 1970; $100. in January, 1971; $400. in February, 1971; $300. in March, 1971; and $300. in April, 1971.

Plaintiff alleged the $100. due in September, 1970, had been paid, but that the balance of $1400. was past due, unpaid, and that defendant refused to pay same. Plaintiff prayed for judgment for such $1400. plus interest.

Defendant answered among other matters that plaintiff's claim was barred by the Two Year Statute of Limitations.

Trial was to a jury. Prior to submission of the case to the jury defendant filed motion and second motion for instructed verdict on the ground plaintiff's claim was barred as a matter of law by the Two Year Statute of Limitations.

The trial court overruled such motions and submitted the case to the jury on special issues, pertinent of which issues, and the jury's findings thereon are summarized as follows:

1) Defendant employed plaintiff to perform legal services for defendant's son.

2) Defendant agreed to pay plaintiff $2500. for such legal services.

3) Defendant agreed to pay such $2500., $1000. as a down payment, $100. in September, 1970; $100. in each of October, November and December 1970; $100. in January, 1971, $400. in February, 1971, $300, in March, 1971, and $300. in April, 1971.

4) Defendant received benefit from the legal services of plaintiff in representing defendant's son.

5) Plaintiff "claimed a total of $1400. was due from defendant on or about September 21, 1970."

The trial court rendered judgment on such verdict for plaintiff for $1400. plus interest.

Defendant appeals on 2 points contending:

1) The trial court erred in not sustaining his motions for instructed verdict on the ground of defendant's plea of the Two Year Statute of Limitations as a matter of law.

2) The trial court erred in not rendering judgment for defendant on the jury verdict in which the jury found that plaintiff claimed a total of $1400. "was due" from defendant on September 21, 1970.

There is evidence that on August 28, 1970, plaintiff and defendant had a meeting at which they agreed that plaintiff would represent defendant's son for a $2500. fee to be paid plaintiff by defendant as follows: $1000. down; $100. during each of the months of September, October, November, December, 1970, and January 1971; $400. in February, 1971; and $300. in March and

April, 1971. There is evidence defendant paid plaintiff the $1000. and the $100. which was to be paid in September, 1970, but that he defaulted in all of the other payments. There is evidence that plaintiff sent defendant a statement on September 21, 1970, showing a balance "due" of $1400.

Plaintiff filed this suit on September 29, 1972.

Article 5526 Vernon's Ann.Tex.Civ.St. provides there shall be commenced and prosecuted within two years after the cause of action shall have accrued all actions where the debt is not evidenced by a contract in writing.

The jury found that defendant agreed to pay the $1400. sued for in October, November, December, 1970, and in January, February, March and April, 1971.

Plaintiff filed this suit on September 29, 1972, thus the Two Year Statute of Limitations had not run.

On September 21, 1970, plaintiff sent defendant a statement reading as follows:

"Harold G. Adams
Attorney at Law
4545 First National Bank Bldg.
Dallas, Texas
       "Matter: State of Texas v.
                  Lester N. Brian

"To:  Mr. Hardy L. Brian
      1107 Wayne
      Dallas, Texas

Date: Sept. 21, 1970

| "Retainer for legal services | | ✕ | $2500.00 |
|---|---|---|---|
| Check received 9–1–70 | 1000.00 | ✕ | 1500.00 |
| Check received 9–21–70 | 100.00 | ✕ | 1400.00 |
| | | ✕ | |
| | Total | | $1400.00" |

The jury found in Issue 5 that plaintiff "claimed a total of $1400. was due from defendant on or about September 21, 1970."

Defendant asserts that since plaintiff claimed the $1400. balance was due on September 21, 1970, that the Two Year Statute of Limitations bars recovery.

The statement above does not claim the $1400. was due immediately or due according to a schedule of payments (as testified to by plaintiff and found by the jury).

Black's Law Dictionary, Fourth Edition, defines due to import a fixed and settled obligation or liability, but with reference to the time for its payment there is ambiguity in the use of the term.

And Bouvier's Law Dictionary, Eighth Edition, recites "The word 'due' unlike 'arrear' has more than one signification, and expresses two distinct ideas. At times it signifies a simple indebtedness without reference to the time of payment; at other times it shows that the day of payment has passed."

In the case at bar it was the trial court's duty, as it is ours, to harmonize the jury findings, if possible. We have before us the original statement sent by plaintiff to defendant on September 21, 1970, and set out above.

In view of the findings supported by ample evidence that the unpaid balance of $1400. on the attorney's fee due plaintiff was due in installments commencing in October, 1970, and ending in April, 1971, plaintiff's suit filed on September 29, 1972, was not barred by the Two Year Statute of

Limitations; and we hold that the statement plaintiff sent defendant, and the jury's findings do not bring plaintiff's claim within the bar of the Two Year Statute of Limitations.

Both points are overruled.

Affirmed.